# Ex Parte Arroyo.

## Application for a Writ of *Habeas Corpus*.

No. 26.—Decided February 19, 1909.

Habeas Corpus—Construction of Section 448 of Code of Criminal Procedure.—The case of *The People* v. *Begerow*, 133 Cal., 349, has no application to section 448 of our Code of Criminal Procedure. Decided on the same grounds as the case of *The People* v. *Francisco Rivera, alias Panchito*, decided December 9, 1905. (9 P. R. Rep., 454.)

Postponement of Trial—Presumption in Favor of the Court.—When the court on its own motion postponed the trial of a criminal case, the presumption is that it had good reasons for so doing, and in the case at bar the postponement to beyond the one hundred and twenty days fixed by section 448 of the Code of Criminal Procedure was justified by the substitution of *fiscals* at the court below.

POSTPONEMENT OF A NEW TRIAL—SECTION 448, CRIMINAL PROCEDURE.—As was decided in the case of *The People* v. *Rivera*, 9 P. R. Rep., 454, the provisions of section 448 of the Code of Criminal Procedure are not applicable to a new trial.

The facts are stated in the opinion.

*Mr. Gómez Laserre* for petitioner.

MR. JUSTICE WOLF, with whom this application was filed, delivered the opinion of the court.

As section 448 of the Code of Criminal Procedure has been interpreted by the Supreme Court, the essential question in this case has already been decided, and I feel bound to hold that the prisoner must be remanded to custody.

In the case of *The People of Porto Rico* v. *Francisco Rivera (a) "Panchito,"* 9 P. R. Rep., 454, the Supreme Court had occasion to consider the case of *The People* v. *Begerow,* 133 Cal., 349, cited by petitioner. In that case this court said that the Begerow case was not applicable here, because the principle enunciated was dependent upon the clause of the California constitution securing to the accused a speedy trial. The California court construed such case to be defined by the section of the California Code of Criminal Procedure that corresponds to section 448 of our code. Our court further decided that there was a presumption that the court below had a good cause for its action in postponing a hearing. What was substantially decided in the "Panchito" case was that after the court below had held that there was a good cause for delay the burden was on the appellant to show that the delay was unreasonable.

I am not entirely satisfied with the reasons given by the judge of the district court but they do show that the court was very busy. Being so engaged, the case was actually set down for a time beyond the 120 days to which the statute refers, but I do not think it was an unreasonable delay to postpone the case a little further upon the substitution of *fiscals* which took place in the district court.

I have examined a number of cases in which writs of this kind have been granted and the prisoners released. In all, or nearly all of them, the facts on which the prisoners were released were much stronger than those of the case at bar. A number of these cases are set out in the note to *The People* v. *Begerow,* 56 L. R. A., p. 520 *et seq.* In most of these cases the prisoners had had a number of trials, there was some neglect on the part of the prosecution to prosecute, or the excuses for not trying the prisoners were much more inadequate than the ones presented here. In any event, it was decided in the "Panchito" case, decision of the 9th of December, 1905, that the statute does not apply to new trials. The statute only says that the prisoner must be brought to trial within 120 days after the filing of the information.

In the case before us the prisoner had one trial within the intendment of the statute. To apply this to a subsequent trial is to read something into the statute which the Legislature has not itself put there. This was one of the reasons for the dissenting opinion in the Begerow case which dissenting opinion has had the approval of our Supreme Court.

Section 11 of the Code of Criminal Procedure provides that an accused person is entitled to a speedy trial. The number of days which would be necessary for a speedy trial might differ in different cases but after one trial had been had the statute had been technically complied with.

He is nevertheless entitled to another speedy trial. It may be questioned if, after one trial had, the prisoner desiring a speedy trial should not make some application to the court to have his case heard. In this case he did not move the court until after the 120 days had expired and the jury was discharged by the district court.

If it should be shown to me, at any time hereafter, that the prosecution has been unnecessarily delayed and the prisoner, in spite of the efforts he has already made, could not obtain a prompt trial, I should be disposed to issue an order discharging him.

For the reasons given I think the writ must be discharged without prejudice to the right to renew the same, and the prisoner must be returned to the custody of the *alcaide*.

*Application denied.*